UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


SEAN PRUETT                    ]
     Plaintiff,                 ]
                                ]
v.                              ]      No. 1:16-0038
                                ]      Chief Judge Sharp
MARTHA AYERS, et al.            ]
     Defendants.                ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Giles County Jail in Pulaski, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Martha Ayers, a nurse at the Jail, and Kyle Helton, Sheriff of Giles County, seeking damages.

The plaintiff takes medication for paranoid schizophrenia and severe depression. On December 31, 2015, after taking his medication, plaintiff's body "locked up" and it became necessary to transport him to a local hospital. The plaintiff claims that he was given the wrong medication which led to the seizure. He attributes defendants' alleged medical negligence to having correctional officers rather than a trained nurse dispense medication to the inmates.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting

1

under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when jail officials are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

In this case, the plaintiff acknowledges that he was given medication for his psychological problems. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he

has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
Chief District Judge